IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERIA JAMES BRADLEY, TDCJ #01837254, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-4314 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

State inmate Meria James Bradley (TDCJ #01837254) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from an adverse parole decision. He has also filed a memorandum of law in support of that petition [Doc. # 4]. After reviewing all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for the reasons explained below.

**I.     BACKGROUND**

Bradley reports that he was convicted on February 6, 2013, and sentenced by the 183rd District Court for Harris County, Texas, to 35 years' imprisonment in

1

Cause No. 1328927 [Doc. # 1, at 1].[1]  That conviction, which was for possession with intent to deliver four grams or more of cocaine, was affirmed on direct appeal. *See Bradley v. State*, No. 01-13-001331-CR, 2014 WL 768328 (Tex. App. – Houston [1st Dist.] Feb. 25, 2014, no pet.).

On November 9, 2018, Bradley filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking his release from prison.  Bradley does not challenge the validity of his underlying conviction.  Instead, he challenges a decision issued by the Texas Board of Pardons and Paroles (the "Parole Board") in June 2018, denying him early release on parole.  Bradley contends that he is entitled to relief because the Parole Board violated "Texas Senate Bill 909" by denying parole for the "same reason" given previously on another unspecified occasion without an adequate explanation of the criteria he must meet for early release [Doc. # 1, at 6; Doc. # 4, at 2-5]. Bradley contends further that he is entitled to relief because he has a right to parole and the Parole Board violated due process when it denied him that right [Doc. # 1, at 6-7; Doc. # 4, at 5-8].  According to Findings of Fact and Conclusions of Law provided by Bradley, these claims were rejected previously on state habeas corpus review [Doc. # 4-2, at 2-3].

---

[1] Unless otherwise indicated, all page numbers for cites to the record reference the pagination inserted on each docket entry by the Court's electronic docketing system, CM/ECF.

## II. STANDARD OF REVIEW

To the extent that the petitioner's claims were adjudicated on the merits on state habeas corpus review, this Court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless she shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376 (2015) (citation omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

## II. DISCUSSION

### A. Violations of State Law

Bradley contends that he is entitled to relief because the Parole Board violated Texas Senate Bill 909 when it denied him early release from prison for the same reasons asserted previously without a sufficient explanation for the criteria he must meet in order to obtain early release. Bradley does not cite any particular statute amended by Texas Senate Bill 909 or provide its effective date. To the extent that Bradley contends that he was denied parole in violation of state law, he does not articulate a claim for which federal habeas relief may be granted.

The Supreme Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). A state prisoner seeking federal review pursuant to 28 U.S.C. § 2254 "must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

Bradley's allegations do not establish the requisite federal constitutional violation for reasons discussed briefly below in connection with his claim that he was denied the right to parole without due process.

B.  **There is No Right to Parole in Texas**

Bradley contends that he is entitled to relief because he has a right to parole and that the Parole Board violated due process when it denied him that right without providing a sufficient explanation. The state habeas corpus court rejected this claim after observing that Texas inmates do not have a right to parole that is protected under the Due Process Clause [Doc. # 4-2, at 3]. Bradley does not demonstrate that the state court's determination was incorrect.

The Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").

"Parole" in Texas is defined as "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). Because of its discretionary character, Texas prisoners do not have a right to parole. *See Ex parte Retzlaff*, 135 S.W.3d 45, 49 (Tex. Crim. App. 2004); *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000); *see also* 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or deny parole release.").

The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). As a result, it is well settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Absent a protected liberty interest in attaining parole, Bradley cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. Because Bradley's claims lack an arguable basis in law, his petition must be dismissed for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's application for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The petition for a writ of habeas corpus filed by Meria James Bradley under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>November 30</u>, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE